[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR MODIFICATION NO. 126.09
This case came to this court on a motion for modification (NO. 126.09) dated March 6, 1992, wherein it was alleged that the orders relating to alimony and child support should be increased since there was substantial change in circumstances from the court's order of December 4, 1989.
The court has considered all the relevant statutory criteria including but not limited to 46b-86 Conn. General Statutes. The husband's net weekly wages from principal employment in October of 1989 was $279.94. He has moved the credit union payment that was shown in his 1989 expenses as "auto loan" to a deduction from income. This court has considered this to be an expense item and finds effectively his net income from principal employment at present is $437.48. This is an increase in net income from principal employment of CT Page 3809 $157.54 over 1989. The husband's expenses are about the same in both affidavits. The husband now owns a home. His debt has decreased, and he has paid down over $14,000.00 worth of debt since the decree of legal separation. His assets have taken a different form presently. In the judgment of December 4, 1989 he released any claim to the wife's house and he kept all his pension rights.
The husband has used some of his pension money and his inheritance money since the decree of December 4, 1989.
The wife's expenses have increased and her earned income has decreased. The expense for medical insurance under COBRA will be $217.00 per month, an amount she is presently not paying. Although it was disputed as to whether the wife did or did not know when the child support received for children of a prior marriage would end, it is clear that it was either their money or support for them and not for her.
Both parties are not able to make ends meet.
The court finds that the husband's net income is $501.40. This is $337.48 net income with the voluntary contribution for pension put back in of $63.92. This is not a time for savings. Also put back in is the $100.00 for the car payment since this was shown before as an expense. Thus the husband's net income from earnings is $501.40. To that he added $100.00 from outside work for a total of $601.42.
The wife's net income is $109.40.
This court determines the husband's share of support of his two children under the guidelines is between 41 percent and 45 percent. This court has considered 43 percent appropriate and deviates from the guidelines based on the best interest of the children.
It is ordered that the husband is to pay $258.00 as child support. The request to modify alimony is granted, and the husband is ordered to pay $217.00 per month as alimony to cover the increased medical insurance premium for the wife. The $1.00 a year alimony is to continue.
Neither party is awarded attorney's fees. The wife is, however, ordered to receive the cost of the service of the papers which are shown as $28.80 on the sheriff's return and the $50.00 cost for the entry fee for the motion for modification. In all other respects the judgment of the court dated December 4, 1989 is to remain in full force and effect. CT Page 3810
EDWARD R. KARAZIN, JR., JUDGE